<u>UNITED STATES DISTRICT COURT</u>
<u>DISCTRICT OF CONNECTICUT</u>

---------------------------------------------------------x
JERE RAVENSCROFT        :    CIVIL ACTION NO.:
   *Plaintiff*                        :
                        :
VS.                     :    JURY TRIAL REQUESTED
                        :
WILLIAMS SCOTSMAN, INC. :    JUNE 16, 2014
   *Defendant*                      :
---------------------------------------------------------x

<u>COMPLAINT</u>

## I. <u>INTRODUCTION:</u>

1. This is an action to redress sex/gender and sexual orientation discrimination, harassment, retaliation, hostile work environment, and wrongful termination of employment suffered by the Plaintiff, Jere Ravenscroft, in violation of the laws of the State of Connecticut enumerated in Connecticut General Statutes § 46a-60(a)(1), (4), and (8), the Connecticut Fair Employment Practices Act (hereinafter "CFEPA") and Connecticut General Statutes § 46a-81c, as well as claims sounding in interference and retaliation in violation of the Family Medical Leave Act ("the FMLA"), 29 U.S.C § 2612 *et seq.* and the common laws of the State of Connecticut.

## II. <u>PARTIES AND JURISDICTION:</u>

2. At all times set forth herein, the plaintiff was a resident of the town of Berlin, State of Connecticut.

3. At all times set forth herein, the defendant Williams Scotsman, Inc. (hereinafter referred to as "Defendant") is a Maryland corporation which conducts business in the State of Connecticut, with a primary place of business located at 576 West Johnson Avenue in Cheshire, Connecticut.

4. Plaintiff filed an administrative complaint with the Commission on Human Rights and Opportunities on or about August 19, 2013, and received a Release of Jurisdiction letter dated May 27, 2014. This complaint is brought within ninety (90) days of the Release of Jurisdiction letter, which is attached hereto as **Exhibit A**.

5. Jurisdiction of this Court is invoked under the provisions of 28 U.S.C. §1331, federal question jurisdiction, as well as 28 U.S.C. §1332, diversity of citizenship. The Plaintiff's claims arise under the laws of the United States, namely, the FMLA. Furthermore, the parties are diverse in that the plaintiff is a citizen of the state of Connecticut and the defendant is incorporated under the laws of the state of Maryland. Furthermore, plaintiff asserts that the amount in controversy exceeds the amount of $75,000.00.

## IV.  FACTUAL ALLEGATIONS:

6. The plaintiff is a gay male.

7. The defendant is engaged in the business of renting portable / modular office space.

8. The plaintiff began working for the defendant in January of 1992. In March of 1997, the plaintiff began working for the defendant on a full-time basis. Throughout the course of the plaintiff's employment, he worked as a truck driver.

9. Over the course of the next decade the plaintiff worked for the defendant without incident and always received positive evaluations.

10. In approximately July of 2010, the defendant hired an individual named Brandon Cowles.

11. Almost immediately after Brandon began working for the defendant company, he began to call the plaintiff a number of homosexual slurs regularly in the course of my

employment, including "faggot" and making derisory comments about the types of sexual acts that gay men engage in.

12. As a result of said discriminatory treatment, Plaintiff immediately notified his supervisors, Lisa Roosa and Marvin Gilbert, of this issue. Ms. Roosa and Ms. Gilbert responded to the plaintiff that the defendant could not afford to lose a driver so that he would "have to deal with it."

13. In approximately September of 2010, Brandon resigned his employment with the defendant. However, in approximately September of 2011, Brandon got a job with a subcontractor of the defendant that required him to frequently visit the defendant's business facility.

14. Brandon again began to regularly refer to the plaintiff as a "faggot" and making other offensive statements about my sexual orientation. Brandon made these statements out loud and in the open so that others could hear.

15. In response the plaintiff once again complained to management about Brandon's discriminatory comments and treatment directed towards the plaintiff. On this occasion management informed the plaintiff that they could not tell their sub-contractor who to hire.

16. Thereafter, the plaintiff escalated his complaint and contacted Marti Fuller, the defendant's Vice President of Human Resources. Ms. Fuller stated that she would make sure that Brandon would no longer do any work for the defendant.

17. Thereafter, in approximately July of 2012, the plaintiff's brother passed away. In conjunction with plaintiff's brother's passing, plaintiff applied for and was granted a personal leave of absence through the end of November of 2012.

18. While the plaintiff was out on the leave of absence, he regularly received telephone calls from Ms. Roosa and Ms. Gilbert questioning the plaintiff about his work status.

19. During these phone calls defendant management made a number of derogatory statements about the plaintiff's use of a leave of absence, including, *inter alia*, suggesting that the plaintiff's doctor's note was false and accusing plaintiff of abusing the system.

20. Following the plaintiff's return from leave, plaintiff wrote an email to Marti Fuller complaining about the actions of Ms. Roosa and Mr. Gilbert while he was out on leave. On information and belief, Ms. Roosa and Mr. Gilbert obtained a copy of this email.

21. Thereafter, on March 5, 2013, the plaintiff was called into a meeting with Ms. Roosa and the defendant's Regional Vice President, Terry Richardson. During this meeting the plaintiff was screamed at by Ms. Roosa and Ms. Richardson. When the plaintiff expressed his opinion that he was being targeted for complaining to Human Resources about various issues, Mr. Richardson again screamed at the plaintiff, stating: "Try suing this company and see what happens to you…I'm not afraid of you."

22. Plaintiff then stood up and said that he needed to step out of the room for a moment. In response, Mr. Richardson screamed at the plaintiff: "Good. Get up, get out, and don't come back." Defendant terminated the plaintiff's employment.

**COUNT ONE:**     **Sexual Orientation Discrimination in violation of CGS § 46a-81c**

1. The Plaintiff repeats and re-alleges paragraphs 1 through 22 above, and incorporates them as paragraphs 1 through 22 of this First Count as if fully stated herein.

23. The Defendant discriminated against the plaintiff in the terms, conditions and/or privileges of his employment on the basis of Plaintiff's sexual orientation, and ultimately terminated his employment due to his sexual orientation.

24. The foregoing conduct of the Defendant constitutes unlawful discrimination and termination of employment in violation of the Conn. Gen. Stat. § 46a-81c.

25. As a result of the foregoing unlawful conduct of the Defendant, Plaintiff has suffered, and will continue to suffer, lost wages and fringe benefits, as well as other consequential losses and damages.

26. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has expended attorney's fees and costs in order to secure the right to which he is entitled.

27. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**COUNT TWO:**     **Hostile Work Environment in violation of Conn. Gen. Stat. 46a-60(a)(8)**

1. The Plaintiff repeats and re-alleges paragraphs 1 through 22 above, and incorporates them as paragraphs 1 through 22 of this Second Count as if fully stated herein.

23. The Defendant subjected Plaintiff to a hostile work environment.

24. As a result of the foregoing unlawful conduct of the Defendant, Plaintiff has suffered, and will continue to suffer, lost wages and fringe benefits, as well as other

consequential losses and damages.

25. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has expended attorney's fees and costs in order to secure the right to which he is entitled.

26. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**COUNT THREE:**     **Retaliation in Violation of CGS § 46a-60(a)(4)**

1. The Plaintiff repeats and re-alleges paragraphs 1 through 22 above, and incorporates them as paragraphs 1 through 22 of this Third Count as if fully stated herein.

23. The Defendant, acting through its agents, servant, and/or employees, retaliated against the Plaintiff for reporting and opposing the aforementioned discriminatory conduct.

24. The foregoing conduct of the Defendant constitutes a violation of Conn. Gen. Stat. § 46a-60(a)(4).

25. As a result of the Defendant's violation of Conn. Gen. Stat. § 46a-60(a)(4), Plaintiff has suffered a loss of income and employment benefits.

26. As a further result of the Defendant's violation of Conn. Gen. Stat. § 46a-60(a)(4), Plaintiff has suffered severe emotional distress, including but not limited to, intimidation, embarrassment, stress, anxiety, frustration, and humiliation, which has limited his ability to enjoy life's pleasures.

27. As a further result of the aforementioned conduct of the Defendant, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and

psychological pain and suffering.

28.     As a further result of the Defendant's aforementioned conduct, the Plaintiff has expended attorney's fees and costs.

**COUNT FOUR:**     **Retaliation in violation of the Family Medical Leave Act**

1.     The Plaintiff repeats and re-alleges paragraphs 1 through 22 above, and incorporates them as paragraphs 1 through 22 of this Fourth Count as if fully stated herein.

22.     The Plaintiff was an eligible employee under the FMLA, the Plaintiff was entitled to a leave under the FMLA, and the Plaintiff gave notice to the Defendant that he required a medical leave.

23.     The Plaintiff was retaliated against and subject to adverse employment action for attempting to exercise and/or exercising his rights under the FMLA.

24.     As a result of the Defendant Company's violation of the FMLA, subjecting the Plaintiff to adverse employment action, and terminating the Plaintiff's employment, the Plaintiff has lost a considerable amount of time from his gainful employment, and he has suffered a substantial loss of income, health benefits, and/or retirement benefits, and will continue to suffer the loss of same into the future, all to his loss and detriment.

25.     Additionally, as a direct and proximate result of the Defendant Company's actions, as aforesaid, the Plaintiff has suffered emotional distress.

26.     Furthermore, as a result of the Defendant Company's actions, as aforesaid, the Plaintiff has been forced to spend legal fees and costs in order to obtain the rights to which he is entitled.

**COUNT FIVE:**     **Interference in violation of the Family Medical Leave Act**

1.  The Plaintiff repeats and re-alleges Paragraphs 1 through 22 above as Paragraphs 1 through 22 of this Fifth Count as if fully set forth herein.

23.  The Plaintiff was an eligible employee under the FMLA, the Plaintiff was entitled to a leave under the FMLA, Plaintiff gave notice to the defendant that he wished to take a medical leave, and defendant denied the Plaintiff benefits to which he was entitled under the FMLA.

24.  The Defendant discriminated against the Plaintiff, retaliated against the Plaintiff, and ultimately terminated the Plaintiff for exercising attempting to exercise his rights under the FMLA.

25.  The aforementioned conduct of the Defendant, through its agents, servants, and/or employees, constituted discrimination and interference in violation of the FMLA.

26.  As a result of the aforementioned conduct of the Defendant, acting through its agents, servants and/or employees, the Plaintiff has lost a considerable amount of time from his gainful employment, and he has suffered a substantial loss of income, health benefits, and/or retirement benefits, and will continue to suffer the loss of same into the future, all to his loss and detriment.

27.  As a further result of the aforementioned conduct of the Defendant, acting through its agents, servants and/or employees, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

28.  As a further result of the aforementioned conduct of the Defendant, acting through its agents, servants and/or employees, the Plaintiff has been forced to incur attorney's fees and costs in order to obtain the rights to which he is entitled.

**COUNT SIX:**     **Intentional Infliction of Emotional Distress**

1. Plaintiff repeats and re-alleges paragraphs 1-22 inclusive above, and incorporates them as paragraphs 1 through 22 of this Sixth Count as if fully stated herein.

23. The above actions of the defendant, through its agents, servants and/or employees, were extreme and outrageous, and intended to inflict emotional distress on the plaintiff.

24. The actions of the defendant, through its agents, servants and/or employees, caused the plaintiff severe emotional distress.

25. As a result of the Defendants' aforementioned conduct, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**COUNT SEVEN:**    **Negligent Infliction of Emotional Distress**

1. Paragraphs 1 through 22, inclusive above, are hereby incorporated and made paragraphs 1 through 22 of this Seventh Count as if fully stated herein.

23. The defendant, through its agents, servants and employees, negligently inflicted emotional distress upon the plaintiff, and knew or should have known the plaintiff's emotional distress was likely to result from its discriminatory practices, its treatment of the plaintiff, and its subsequent termination of the plaintiff for pretextual reasons.

24. The defendant's conduct of discriminatory practices up to and including its termination of the plaintiff, accompanied by threats at the time of the termination process, created an unreasonable risk of causing the plaintiff emotional harm.

25. The plaintiff's emotional distress could and should have been foreseeable to the defendant in that its discriminatory conduct and termination of the plaintiff, accompanied by threats at the time of termination, would emotionally disturb any reasonable person.

26. Due to the defendant's conduct, the plaintiff was caused to suffer severe emotional distress, including but not limited to intimidation, embarrassment, stress, anxiety, frustration and humiliation, which has limited his ability to enjoy life's pleasures.

27. As a further result of aforementioned conduct of the defendant, the plaintiff has suffered, and will continue to suffer in the future, severe emotional and psychological pain and suffering.

28. As a further result of aforementioned conduct of the defendant, the plaintiff has been forced to incur attorney's fees and costs in order to obtain the rights to which he is entitled.

**WHEREFORE**, the Plaintiff requests that this Court assume jurisdiction over this matter and provide her with the following relief:

1. Monetary damages for lost wages and other fringe benefits;

2. Reinstatement of her employment or front pay;

3. Damages for emotional distress;

4. Punitive damages;

5. Liquidated damages pursuant to the FMLA;

6. Reasonable attorney's fees and costs;

7. Such other relief which is within the power of the Court to award the Plaintiff and which the Court deems just and reasonable.

THE PLAINTIFF
JERE RAVENSCROFT

By: _____
Emanuele R. Cicchiello, Esq. (ct27118)
Cicchiello & Cicchiello LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Email: manny@cicchielloesq.com

**UNITED STATES DISTRICT COURT**
**DISCTRICT OF CONNECTICUT**

---------------------------------------------------------------x
JERE RAVENSCROFT                    :        CIVIL ACTION NO.:
    *Plaintiff*                                :
                                               :
VS.                                              :        JURY TRIAL REQUESTED
                                               :
WILLIAMS SCOTSMAN, INC.      :        JUNE 16, 2014
    *Defendant*                            :
---------------------------------------------------------------x


**REQUEST FOR TRIAL BY JURY**

Plaintiff hereby requests trial by jury in the above-captioned matter.


                                 THE PLAINTIFF
                                 JERE RAVENSCROFT

                                 By: _____
                                 Emanuele R. Cicchiello, Esq. (ct27118)
                                 Cicchiello & Cicchiello LLP
                                 364 Franklin Avenue
                                 Hartford, CT 06114
                                 Tel: (860) 296-3457
                                 Fax: (860) 296-0676
                                 Email: manny@cicchielloesq.com

# EXHIBIT A

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Jere Ravenscroft
**COMPLAINANT**

CHRO No. 1430077

vs.

William Scottsman, Inc.
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

May 27, 2014
DATE

Tanya A. Hughes, Executive Director

cc: Angelo Cicchiello, Esq., via email: angelo@cicchielloesq.com
Michael J. Rose, Esq., via email: mrose@rosekallor.com